IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID WILSON BECERRIL,                    §
                                          §
          *Plaintiff*,                    §
                                          §
v.                                        §          CIVIL ACTION No. H-10-1186
                                          §
OFFICER GUNNELS, *ET AL.*,                §
                                          §
          *Defendants*.                   §

**ORDER OF PARTIAL DISMISSAL**

David Wilson Becerril, a state inmate proceeding *pro se* and *in forma pauperis*, files this section 1983 civil rights lawsuit against nine state prison officers and four state inmates, seeking monetary compensation and commencement of criminal prosecution. The Court has reviewed the complaint pursuant to section 1915A, and ORDERS as follows:

1.     Plaintiff's claims seeking criminal prosecution of the named defendants are DISMISSED WITH PREJUDICE for failure to state a claim. It is well settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see also Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) (holding that, under American jurisprudence, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

2.     Plaintiff's claims against the four named state inmates for their physical assaults  – Bobby Parker, Terrance Butler, Terrance Stavenson, and Lavaniel Davis – are DISMISSED WITH PREJUDICE for failure to state a claim.  Section 1983 claims may only be brought against state actors; state inmates are not state actors.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996).

3.     Plaintiff's claims against prison officer David A. Murray are DISMISSED WITH PREJUDICE for failure to state a claim.  Plaintiff complains that Murray failed to punish the four inmates for physically assaulting him.  Plaintiff has no constitutionally protected liberty interest in having the four inmates punished by prison officers, and no constitutional violation is alleged.

4.     Plaintiff's claims against prison officers "Mr. Hodges" and Phillip C. Ojeda are DISMISSED WITH PREJUDICE for failure to state a claim.  Plaintiff claims that Hodges and Ojeda obtained disciplinary convictions against plaintiff for refusing housing. Plaintiff does not allege that these disciplinary convictions have been reversed or otherwise set aside.  Accordingly, his claims for monetary compensation regarding the purportedly false disciplinary convictions are barred under *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  Nor do his allegations of verbal threats and insults state a cognizable section 1983 claim.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

5.     Plaintiff's claims against prison officers Richard A. Gunnels, N. Jackson, Bryan D. Buck, Lawrence Dawson, Jr., Fredrick J. McCullough, and Lorrie C. Murray

seeking monetary damages for deliberate indifference and failure to protect are retained at

this time for further action by the Court.

THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas, on April 28, 2010.

                                       _____

                                             Gray H. Miller

                           United States District Judge

3