IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID WILSON BECERRIL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1186 |
| | § | |
| OFFICER GUNNELS, *ET AL.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Pending before the Court is plaintiff's second motion for discovery (Docket Entry No. 37) in this *pro se* state inmate civil rights case.  In this lawsuit, plaintiff claims that, following his assault by another inmate at the Estelle Unit on May 11, 2009, he was returned to the general inmate population, where he was assaulted by three other inmates a week later. Plaintiff asserts that defendant prison officers were deliberately indifferent to his safety and failed to protect him by not assigning him to productive custody after the first assault.

Defendants filed a motion for summary judgment based on qualified immunity and failure to exhaust; plaintiff filed this discovery request one week later.  Accordingly, the Court will construe plaintiff's discovery requests in light of their relevancy to the pending motion for summary judgment.

After reviewing the pleadings and the record, the Court DENIES the second request for discovery (Docket Entry No. 37) for the reasons that follow.

1.      Plaintiff's request for "OPI/LID records done on Plaintiff" at two other prison units at an unidentified time is DENIED.  Plaintiff's claim – that defendants failed to provide him protective custody after the first assault – is not based on events that may have occurred at other prison units.  Plaintiff's request is not material to the issue of whether defendants violated his constitutional rights in the incident made the basis of this lawsuit.

2.      Plaintiff's request for "documented inspections, inquiries, and complaints about safety conditions" regarding inmate violence at the Estelle Unit from January 1, 2009, through November 30, 2009, is DENIED as over broad and not material to the issue of whether defendants violated his constitutional rights in the incident made the basis of this lawsuit.

3.      Plaintiff's request for information regarding all "inmate on inmate" and staff assaults from January 1, 2009, through November 30, 2010, is DENIED as over broad and not material to the issue of whether defendants violated his constitutional rights in the incident made the basis of this lawsuit.

4.      Plaintiff's request for "administration records" of all grievance records from January 1, 2009, through November 30, 2009, is DENIED as over broad and not material to the issue of whether defendants violated his constitutional rights in the incident made the basis of this lawsuit.  Even assuming plaintiff intended to request only his own grievance records, he admits that defendants provided him copies.  Plaintiff's assertion that he "has learned that important documents and information submitted by defendants" were falsified

or tampered with is non-specific, speculative, and conclusory, and does not provide a basis for granting the requested discovery.

5.      Plaintiff sets forth a "List of Documents" of requested items, including bed book rosters and lay-in rosters for Estelle Unit inmates for August 2009, officer work lists and rosters, count room housing assignments, Unit Classification Committee names and other information as of August 2009, and disciplinary report records for the inmates who assaulted him.  The "list of documents" is DENIED as over broad and not material to the issue of whether defendants violated his constitutional rights in the incident made the basis of this lawsuit.  Plaintiff admits that defendants provided him copies of the offense reports and preliminary investigation reports regarding the assaults and the inmates involved in the assaults, and he shows no basis for requiring production of disciplinary conviction records for those inmates.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on November 19, 2010.

_____

Gray H. Miller

United States District Judge

3