IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BECERRIL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-1186 |
| | § | |
| RICHARD GUNNELS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is defendant Richard Gunnels's second motion for summary judgment (Docket Entries No. 76, 77), plaintiff Becerril's response filed through counsel of record (Docket Entries No. 81, 82), and Gunnels's reply (Docket Entry No. 83).

Having carefully considered the motion, response, and reply, the exhibits, the record, and the applicable law, the Court DENIES the second motion for summary judgment, as follows.

*First Motion for Summary Judgment*

The facts of this case are set forth at length in the Court's Memorandum Opinion and Order granting in part and denying in part defendants' first motion for summary judgment (Docket Entry No. 48), and will be restated here only as necessary. In that opinion, the Court dismissed plaintiff's claims against the defendants except as to his Eighth Amendment claims against defendant Gunnels. Specifically, the Court retained plaintiff's claims against Gunnels for failure to protect and/or deliberate indifference to safety needs and denied

Gunnels's request for qualified immunity. The Court noted that the summary judgment evidence raised a material fact issue as to whether Gunnels had been deliberately indifferent to plaintiff's safety needs in not recommending or authorizing a change in his housing or unit assignment. The Court declined to grant Gunnels qualified immunity, as Gunnels presented no facts or evidence specific to the reasonableness of his actions under the circumstances. The Court found that plaintiff had raised a genuine issue of material fact as to whether Gunnels's actions were objectively unreasonable and had rebutted Gunnels affirmative defense of qualified immunity.

*Second Motion for Summary Judgment*

Gunnels attempts to rectify his earlier deficiencies through the instant second motion for summary judgment.

In his deposition submitted in support of the second motion, Gunnels discusses plaintiff's complaints and assertions, as well as his own responses to those matters. As discussed by the Court in its earlier Memorandum Opinion and Order, plaintiff stated under penalty of perjury that he overheard inmate Parker saying that Hispanic offenders and Crips members would "smash"or "drop" plaintiff upon his return to his regular housing wing. (Docket Entry No. 1, p. 15.) Plaintiff stated that he informed Gunnels of this threat, but that Gunnels denied him a transfer or protective custody, telling plaintiff instead that he could not keep running and would eventually have to stand up and fight for himself. It is undisputed that, the very day he was returned to his regular housing wing, plaintiff was assaulted by

2

gang inmates who broke his jaw. In the instant motion, Gunnels denies that plaintiff informed him of this specific threat, and denies that he told plaintiff to stand up and fight for himself. Plaintiff further alleges that, when he informed Gunnels that Parker threatened that his "homeboys" would retaliate against him, Gunnels replied that plaintiff "better find [him] some homeboys then." Gunnels also denies making this statement. Gunnels's denials, however, raise only an issue of credibility that cannot be resolved by summary judgment.

Gunnels further argues that his actions were reasonable in that the investigations of plaintiff's complaints revealed nothing to support plaintiff's claims beyond plaintiff's own allegations. That is, Gunnels found nothing to corroborate plaintiff's assertions of endangerment. However, the same factual disputes remain as to whether Gunnels's actions were objectively reasonable in light of the controverted statements attributed to him by plaintiff. Given these existing credibility issues, the Court cannot conclude as a matter of law that Gunnels was unaware of the existence of a substantial risk of serious harm to plaintiff or that his actions were objectively reasonable.

## *Conclusion*

The second motion for summary judgment (Docket Entry No. 76, 77) is DENIED.

Signed at Houston, Texas, on October 21, 2013.

_____
Gray H. Miller
United States District Judge