UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BECERRIL | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. H-10-1186 |
| | § | |
| v. | § | |
| | § | |
| RICHARD GUNNELS | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

PLAINTIFF'S MOTIONS IN LIMINE

TO THE HONORABLE GRAY H. MILLER:

Plaintiff David Becerril respectfully moves that Defendant and Defendant's counsel

(herein "Defendant") be instructed not to make any argument, reference, question, or statement

bringing before the jury any of the matters set forth in the paragraphs below, unless and until

(1) Defendant, out of the presence and hearing of the jury, requests a ruling by the Court as to the

admissibility and relevance of such matters, and (2) out of the presence and hearing of the jury,

Defendant receives a favorable ruling as to the admissibility and relevance of such matters.

Plaintiff further respectfully moves that Defendant be instructed to inform and counsel all

witnesses called by Defendant, or parties in the courtroom at the request of Defendant, that they

may not volunteer, inject, disclose, state, or mention to the jury any of the matters set forth in the

numbered paragraphs below until specifically questioned thereon after a prior ruling by the Court.

Such matters are as follows:

1.     **Any comment on, reference to, or suggestion that Plaintiff was convicted of
       Kidnapping and Aggravated Robbery with a Deadly Weapon, including the dates of
       such convictions, the underlying facts related to such convictions, or the sentences
       imposed.**

Given the circumstances of this prisoner-initiated § 1983 action, the underlying facts of Plaintiff's prior criminal convictions, the dates of the convictions, the sentences imposed, and even the titles of Plaintiff's convictions are irrelevant, unfairly prejudicial, and are inadmissible under Federal Rule of Evidence 609. *See* FED. R. EVID. 402–403, 609.

The details of Plaintiff's convictions are irrelevant to the elements of a claim under 42 U.S.C. § 1983. That Plaintiff was convicted of two crimes makes no more or less likely the fact that Defendant knew of a risk to Plaintiff or the fact that Defendant failed to protect Plaintiff from violence at the hands of other prisoners. FED. R. EVID. 401; *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Such evidence is similarly irrelevant to Defendant's claim of entitlement to qualified immunity, as details of Plaintiff's criminal convictions have no bearing on the reasonableness of Defendant's actions. Defendant has already admitted—both in his interrogatory responses and during his sworn deposition—that he did not have Plaintiff's criminal history available to him during the May 18, 2009 UCC Hearing. *See* Defendant's Supplemental Response to Plaintiff's First Set of Interrogatories, Supplemental Response No. 6 (identifying the documents available to Defendant at the UCC Hearing—none of which discuss Plaintiff's criminal history), attached hereto as Exhibit A; *see also* Deposition of Richard Gunnels ("Gunnels Dep."), p. 98, lines 23–25, p. 99, lines 1–10 (same), attached hereto as Exhibit B. Defendant has also admitted that he has no independent recollection of Becerril or anything about him. *See* Gunnels Dep., p. 43, lines 24–25, p. 44, lines 1–25, p. 45, lines 1–21. Because Defendant had neither prison records nor independent knowledge pertaining to Becerril's criminal history during the UCC Hearing on May 18, 2009, such details could not have impacted his actions at the time in question.

Nor should Plaintiff's criminal history be admitted as impeachment evidence under

Federal Rule of Evidence 609.  Under Rule 609, the admission of evidence is subject to Rule 403,

which excludes evidence—even when relevant—"if its probative value is substantially

outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."

FED R. EVID. 403; *see U.S. v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (stating that the purpose

of Rule 403 is to "exclude[e] matter[s] of scant or cumulative probative force, dragged in by the

heels for the sake of its prejudicial effect").  It is undisputed that Plaintiff is now, and was at all

times relevant to this lawsuit, an inmate confined within the TDCJ system.  Indeed, this fact is

central to Plaintiff's case and will undoubtedly come out at trial, as his cause of action is based

on his conditions of confinement while imprisoned.  Any reference to the titles of Plaintiff's

prior convictions—Aggravated Robbery with a Deadly Weapon or Kidnapping—or to the

underlying circumstances, the dates of the convictions, or the sentences imposed will serve no

purpose but to inflame the emotions of the jury.  The stipulated fact that plaintiff was, and

continues to be, confined is enough to establish that he is a convicted felon.  Because neither of

Plaintiff's convictions is for a crime of dishonesty, the probative value of any additional detail is

substantially outweighed by its prejudicial effect.

2.      **Any comment on, reference to, or suggestion of any disciplinary offense committed by Plaintiff while in the custody of the Texas Department of Criminal Justice.**

The facts and details of any disciplinary offenses committed by Plaintiff while in the

custody of TDCJ are irrelevant and unfairly prejudicial.  *See* FED. R. EVID. 402, 403.

According to Defendant's own admissions, the only evidence of Plaintiff's prior

disciplinary offenses available to Defendant during the May 18, 2009 Hearing was a report

related to Plaintiff's possession of a cardboard box speaker in January 2009.  This offense—

which was considered a minor infraction—makes no more or less likely the fact that Defendant

acted with deliberate indifference.  Plaintiff has received other disciplinary infractions while

incarcerated, but because those documents were not available to Defendant during the May 18,

2009 UCC Hearing, they have no relevance.  Moreover, because Defendant has testified that he

remembers *absolutely nothing* about the evidence presented at the UCC Hearing or the reasons

why he refused to alter Plaintiff's housing assignment, he cannot now claim that Plaintiff's

disciplinary history played any role.  *See* Gunnels Dep., p. 80 lines 11–20; *see also Brown v.*

*Worstell*, No. 03-466, 2005 U.S. Dist. LEXIS 15274, at *1–2 (W.D. Pa. July 28, 2005)

(excluding as irrelevant evidence of prisoner's disciplinary history because there was no

connection between the prior offenses and the matter at hand).

Even if Plaintiff's disciplinary history was somehow relevant, it should still be excluded

under Rule 403, which allows the court to exclude evidence—even when relevant—"if its

probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the

issues, [or] misleading the jury."  FED R. EVID. 403.  The unpleasant nature of Plaintiff's prior

disciplinary infractions—which include possession of a shank and a fight with another

prisoner—may provoke a jury's instinct to punish, and mislead it from its duty to find justice.

*See U.S. v. Blackstone,* 56 F.3d 1143, 1146 (9th Cir. 1995) (finding that evidence is prejudicial if

it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish,

or triggers other mainsprings of human action").  Because any probative value of such testimony

is substantially outweighed by the prejudicial effect, testimony concerning Plaintiff's prior

disciplinary offenses while in prison should be excluded.

3.     **Any comment on, reference to, or suggestion of Defendant's disciplinary record while employed with TDCJ.**

Defendant must be prohibited from referring to his disciplinary record, or lack thereof,

including any reference to a "clean record" or lack of reprimands, inquiries, warnings, or other

administrative action.  Such "bolstering" evidence is excluded by Rule 404, which prohibits

evidence of character to prove that on a particular occasion, Defendant acted in accordance with

that character.  *See* FED. R. EVID. 404(a)(1).

**4.      Any comment, reference, or suggestion that Defendant's vote during the May 18, 2009 UCC Hearing was objectively reasonable because of the votes of other UCC members.**

Any statement or implication that Defendant's actions were objectively reasonable

because TDCJ officials James McKee and Kristen Gibson may have agreed with Defendant's

decision not to transfer Plaintiff should be excluded as a misstatement of the law and as

confusing under Rule 403.  As an initial matter, none of the voting members of the Uniform

Classification Committee can remember how they voted or why.  *See* Plaintiff's Response to

Defendant's Second Motion for Summary Judgment [Docket No. 81], pp. 11–12.  Accordingly,

any allegation that the Defendant voted consistently with other prison officials is pure

speculation.  But even assuming, *arguendo*, that McKee or Gibson did vote in line with the

Defendant, the assertion that such a meeting of the minds somehow transforms the decision into

a reasonable action is completely specious and in direct contrast to controlling Fifth Circuit

precedent.  *See Johnson v. Johnson*, 385 F.3d 503, 527 (5th Cir. 2004) (holding that the simple

fact that officials agree or vote on a course of action "does not transform [a] deliberately

indifferent failure to take any action into a reasonable method of discharging their duty to protect

the prisoners in their care").

It is the sole province of the jury to determine whether Defendant's actions were

reasonable, and the jury does not require the assistance of Defendant's legal interpretations to

make such finding.  *See Brown v. Carr*, No. C-04-471, 2008 WL 167313, at *3–4 (S.D. Tex. Jan.

16, 2008) (granting plaintiff's motion in limine to exclude any statement of the law other than

regarding the burden of proof and the basic legal definitions counsel believed to be applicable,

before the court had ruled on the law").  Accordingly, this Court should prohibit any assertion,

implication, or statement to the effect that Defendant's vote during the May 18, 2009 hearing

was objectively reasonable because of the votes of other UCC members.

**5.      Any comment on or reference to the size or location of Plaintiff's law firm.**

Any comment or reference to the size or location of Plaintiff's law firm, Jones Day, is

irrelevant and should be excluded under Rule 402.  *See* FED. R. EVID. 402.

**6.      Any comment on, reference to, or suggestion of any grievance filed by Plaintiff that is not the basis of this lawsuit.**

Any comment or reference to any grievance filed by Plaintiff that is not the basis of this

lawsuit is irrelevant and should be excluded under Rule 402.  *See* FED. R. EVID. 402.

**7.      Any comment on, reference to, or suggestion of any settlement negotiations the parties may have undertaken to resolve this case prior to trial.**

Any comment or reference to any settlement negotiations the parties may have

undertaken to resolve this case prior to trial is specifically excluded under Rule 408.  *See* FED. R.

EVID. 408.

Dated: October 28, 2013                              Respectfully submitted,


                                                     */s/ Christopher H. Domingo*
                                                     Christopher H. Domingo
                                                     Texas State Bar No. 24069621
                                                     Southern District ID No. 1054774
                                                     Benjamin J. Wolinsky
                                                     Texas State Bar No. 24076782
                                                     Southern District ID No. 1225135
                                                     JONES DAY
                                                     717 Texas, Suite 3300
                                                     Houston, TX  77002-2712
                                                     Telephone:(832) 239-3939
                                                     Facsimile: (832) 239-3600

                                                     ATTORNEYS FOR PLAINTIFF,
                                                     DAVID BECERRIL